MICHAEL W. STEBBINS, Bar No. 138326
mstebbins@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
INA STANGENES, Bar No. 156259
istangenes@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff
PHOENIX TECHNOLOGIES LTD.

Filed
MAR 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08 01286 PVT

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID P. JABLON, an individual,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF MICHAEL W. STEBBINS IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>Complaint Filed: March 4, 2008<br>Trial Date: None Set |

DECLARATION OF MICHAEL W. STEBBINS    CASE NO.

I, Michael W. Stebbins, declare as follows:

1. I am an attorney licensed to practice law before all of the courts of the State of California. I am a partner with the law firm of Bergeson, LLP, counsel of record for Plaintiff Phoenix Technologies Ltd. ("Phoenix" or "Plaintiff") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called to do so, I could and would competently testify thereto.

2. I submit this declaration in support of Phoenix's Administrative Motion for Leave to File Document Under Seal.

3. I have reviewed the following materials ("the Materials"):

  (a) Portions of Phoenix's *Ex Parte* Application for Temporary Restraining Order, Order to Show Cause re: Preliminary Injunction, and an Order Authorizing Expedited Discovery and Memorandum of Points and Authorities in Support;

  (b) Portions of the Declaration of Robin Eller;

  (c) Portions of the Declaration of Timothy J. Markey and Exhibits B, C, D and E;

  (d) Portions of the Declaration of Michael W. Stebbins and Exhibit B;

4. I have determined that these Materials (hereafter "the Materials") each disclose information that has been designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" by the parties under the protective order, without objection to those designations (although Phoenix reserves its rights to challenge such designations pursuant to the Stipulated Protective Order).

5. The confidentiality interest of the parties therefore overcomes the right of public access to the record, as a substantial probability exists that the parties' overriding confidentiality interest will be prejudiced if the record is not sealed. Further, the proposed sealing is narrowly tailored and no less restrictive means exist to achieve this overriding interest.

//

1
2    I declare under penalty of perjury under the laws of the United States of America that the
3 foregoing is true and correct and that this declaration was executed this 4th day of March, 2008 at
4 San Jose, California.

*[signature]*
Michael W. Stebbins