1  MICHAEL W. STEBBINS, Bar No. 138326
   mstebbins@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  INA STANGENES, Bar No. 156559
   istangenes@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  Attorneys for Plaintiff
   PHOENIX TECHNOLOGIES
8

RECEIVED

MAR - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08 01286 PVT

PHOENIX TECHNOLOGIES LTD., a Delaware Corporation,

                Plaintiff,

        vs.

DAVID P. JABLON, an individual,

                Defendant.

[PROPOSED] ORDER GRANTING PLAINTIFF PHOENIX TECHNOLOGIES, INC.'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER AUTHORIZING EXPEDITED DISCOVERY; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Complaint Filed:  March 4, 2008
Trial Date:       None Set

---

[PROPOSED] ORDER GRANTING TRO

This matter having come before the Court on the ex parte application of plaintiff Phoenix Technologies Inc. ("Phoenix") for a Temporary Restraining Order, Order Authorizing Expedited Discovery, and Order to Show Cause Re Preliminary Injunction;

AND, the Court having read the Complaint, the declarations of Michael W. Stebbins, Robin Eller, Timothy J. Markey and the memorandum of points and authorities submitted in support of the ex parte application;

AND, the Court finding that, absent an order granted without notice, (1) plaintiff is likely to suffer irreparable harm including harm to its competitive position, loss of future sales, disclosure of confidential business information, and loss of goodwill in the marketplace, and (2) evidence may be lost or destroyed;

AND, good cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. Defendant DAVID P. JABLON ("Jablon") as well as his agents, servants, employees, attorneys, and any other persons in active concert or participation with him who receive actual notice of this Temporary Restraining Order, by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

    (a) accessing, altering, downloading, copying, referencing, forwarding, disclosing, using, marketing, disseminating, selling, licensing, leasing, transferring, making any use of, attempting to disclose or use, or disposing, of Phoenix's trade secrets and/or confidential or proprietary information, including but not limited to, know-how, research, development, techniques and information relating to its software products, services or technologies relating to computer, network or electronic device security that were developed and/or acquired by Phoenix, including but not limited to StrongROM, SPEKE or BSAFE (collectively the "Trade Secret Property");

    (b) deleting, destroying, or altering, in whole or in part, any information (electronic, documentary or otherwise) in any media (paper, hard drive, caches, CD-ROMS, diskettes, USB memory devices, or any other media, digital or otherwise), embodying Trade Secret Property or relating to any of the issues in this action;

1     (c)     deleting, destroying, or altering, in whole or in part, any information or electronic mail to or from Jablon1363@yahoo.com or any other e-mail addresses registered to defendant; in any media (paper, hard drives, caches, CD-ROMS, diskettes, flash drives, back-up drives, internet storage or any other media, digital or otherwise), relating to Trade Secret Property or any of the issues of this action;

2.     Defendant Jablon, his agents, employees, contractors, partners, representative, assigns and all those acting in concert with him, are required to preserve and immediately return to Phoenix all materials (in electronic, written, or other form) in any media (paper, hard drives, cashes, CD-ROMS, diskettes, USB storage devices, or any other media, digital or otherwise), constituting, containing or derived from Phoenix's Proprietary Information (as defined in the Employee Invention Assignment and Proprietary Information Agreement, attached as Exhibit B to the Complaint), and all copies of such materials.

3.     Within 48 hours of service of this Order, Defendant must provide plaintiff's forensic expert with access to all computers used by Jablon for the purpose of copying the hard drives to preserve evidence.

4.     Phoenix may depose Jablon on five (5) days notice, which notice may be served forthwith.

5.     Phoenix may forthwith propound Request for Production, Inspection, and Copying of Documents and Things and/or Interrogatories to Jablon and Jablon shall respond to such requests within three (3) days of service upon him.

6.     This Temporary Restraining Order is entered on _____, 2008, at ____ a.m., and shall expire on _____, 2008, at ___ a.m. unless prior to that date and time, the Order is vacated or extended by this Court for good cause shown, or unless plaintiff and defendants stipulate to such extension or vacation, such stipulation being subject to the Court's approval.

Pursuant to Civil Local Rule 65-1 (c), **DEFENDANT IS FURTHER HEREBY ORDERED TO APPEAR AND SHOW CAUSE** why a preliminary injunction should not be entered against him with respect to the matters contained in this Temporary Restraining Order,

1  such Show Cause hearing to take place in this Court on _____, 2008, at ____ a.m.,
2  unless otherwise ordered by this Court. In connection with such Show Cause hearing, plaintiff
3  shall serve a copy of this Temporary Restraining Order and all supporting papers on defendant's
4  counsel by 5:00 p.m. on _____, 2008. Defendant shall file, and serve by hand upon
5  plaintiff's attorneys, any opposition to the issuance of a preliminary injunction with respect to the
6  matters contained in the Temporary Restraining Order no later that 5:00 p.m. on
7  _____, 2008. Plaintiff shall file and serve by hand upon defendant's
8  counsel, any reply and/or supplemental papers in support of its motion for preliminary injunction
9  by 5:00 p.m. on _____, 2008.

   Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, this Temporary Restraining
11 Order shall be subject to, and is effective upon, the extension and delivery to the Clerk of this
12 Court by plaintiffs on or before _____, 2008, of security in the form of a surety bond
13 or undertaking or deposit according to law in the amount of $_____.

17 **IT IS SO ORDERED.**

20 Dated: _____, 2008

   _____
   UNITED STATES DISTRICT JUDGE