1  Submitting Counsel listed on signature page
2
3
4
5
6                                                                *E-FILED 3/21/08*
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10                                SAN JOSE DIVISION

| | |
|---|---|
| 11  PHOENIX TECHNOLOGIES LTD., a Delaware Corporation, | Case No. 08-01286 RMW (ADR) |
| 12                              Plaintiff, | **STIPULATED TEMPORARY RESTRAINING ORDER AND ORDER AUTHORIZING EXPEDITED DISCOVERY; ORDER SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION** |
| 13       vs. | |
| 14 | |
| 15  DAVID P. JABLON, an individual, | |
| 16                              Defendant. | The Honorable Ronald M. Whyte |
| 17 | Complaint Filed:   March 4, 2008<br>Trial Date:        None Set |

This matter is before the Court on the ex parte application of plaintiff Phoenix Technologies LTD ("Phoenix") for a Temporary Restraining Order, Order Authorizing Expedited Discovery, and Order to Show Cause Re Preliminary Injunction, the Complaint and supporting papers ("Phoenix's TRO papers") having been filed on March 4, 2008. On March 6, counsel for defendant David P. Jablon ("Jablon") agreed to accept process and service of Phoenix's TRO papers by e-mail. Since that time, the parties have been negotiating the potential terms of a stipulated TRO.

## THE PARTIES' CONTENTIONS

As set forth in its TRO papers, Phoenix contends that absent a TRO and expedited discovery, Phoenix is likely to suffer irreparable harm including harm to its competitive position, loss of future sales, disclosure of confidential business information, and loss of goodwill in the marketplace, and that evidence may be lost or destroyed.

Jablon contends that he has never disclosed or used any information or data that Phoenix contends is a trade secret or protected confidential, proprietary information, except in the course of his employment with and for the benefit of or at the request of Phoenix, and except in the context of a confidential American Arbitration Association arbitration proceeding pending against Phoenix in Boston, Massachusetts (the "Arbitration proceeding"). Jablon consents to enter into the stipulation set forth below to avoid unnecessary litigation and without admitting any liability for Phoenix's claims and without prejudice to any defenses that he may have on the merits of Phoenix's claims.

## STIPULATION

The parties now agree as follows:

1. Jablon, as well as his agents, servants, employees, and any other persons in active concert or participation with him who receive actual notice of this Temporary Restraining Order, by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly doing any of the following, except as provided in paragraph 4 below:

    (a) accessing, altering, downloading, copying, compiling, modifying, referencing, forwarding, disclosing, using, marketing, disseminating, selling, licensing, leasing, transferring, making any use of, attempting to disclose or use, or disposing, of Phoenix's trade secrets and/or confidential proprietary information, including but not

limited to know-how, research, development, techniques, inventions, improvements, innovations of any kind, product plans, marketing plans, business strategies and any other nonpublic technical or business information that Phoenix would desire to treat as confidential for any purpose, relating to the software products, services or technologies in connection with computer, network or electronic device security that Phoenix developed and/or acquired, including but not limited to StrongROM, SPEKE or BSAFE (collectively the "Trade Secret Property");

(b)   deleting, destroying, or altering, in whole or in part, any information (electronic, documentary or otherwise) in any "Media" (paper, hard drive, caches, CD-ROMS, diskettes, USB memory devices, or any other media, digital or otherwise), embodying Trade Secret Property or relevant to the claims or defenses of the parties in this action;

(c)   deleting, destroying, or altering, in whole or in part, any information or electronic mail to or from Jablon1363@yahoo.com, Jablon1363@gmail.com, or any other e-mail addresses registered to Jablon, in any Media, embodying Trade Secret Property or relevant to the claims or defenses of the parties in this action;

2.   Phoenix and Jablon shall jointly identify a consultant for the purpose of imaging, in a forensically rigorous manner, the hard drives of any and all computers used by Jablon that reasonably may have (or once had) Trade Secret Property ("the Jablon Drives") for the purpose of preserving evidence. The identification, engagement and work of the consultant shall be subject to these conditions and requirements:

(a)   Before beginning work, the consultant shall execute a non-disclosure agreement to be jointly prepared by counsel for the parties. The non-disclosure agreement shall subject the consultant to the jurisdiction of the Court for enforcing the obligations contained therein, and shall prevent the consultant from reviewing or using the resulting hard drive images, or from disclosing them to anyone, absent an order from the Court;

    (b)    The consultant shall store the images of the relevant hard drives in or on a secure site that prevents any unauthorized access;

    (c)    All fees and costs associated with the consultant's work (including, without limitation, any ongoing costs of data storage) shall be paid, at least initially, by Phoenix; and

    (d)    The hard drive images stored by the consultant shall be completely destroyed in a forensically rigorous manner at the conclusion of this action, including the exhaustion of any appeals.

3.    If, after Jablon has produced the Trade Secret Property to Phoenix pursuant to the expedited discovery procedures set forth below, Phoenix believes the Jablon Drives should be forensically examined for the existence of additional Trade Secret Property and/or to verify that all Trade Secret Property has been identified, imaged and produced, Phoenix's counsel shall ask Jablon's counsel to meet and confer about the subject by identifying the basis for its belief and the principal supporting evidence. If the meet and confer process does not result in an agreement, Phoenix may move the Court, on an expedited basis, to order the proposed forensic examination to be conducted by the forensic consultant engaged pursuant to paragraph 2 above. In bringing such a motion, Phoenix bears the burden of establishing good cause. The procedures for any forensic examination agreed on by the parties or ordered by the Court as follows, subject to any further provisions that may be agreed on or ordered:

    (a)    The forensic consultant will execute the search(es) requested by Phoenix. Information resulting from the search(es) will be provided, with Bates-number designations or other unique identifiers (for identification purposes), in the first instance to Jablon's counsel. Jablon's counsel will, within three (3) business days of receiving such information, review such information and identify in a format sufficient to validate the assertion of privilege, privacy or confidentiality obligations to third parties, such portions of the information which should be withheld from review by Phoenix. Such log shall be served by email to all counsel and the third party forensic consultant.

(b) In the event the volume of information produced to Jablon's counsel through the process described in sub-paragraph (a) immediately above exceeds 2,500 printed pages of material (or its electronic equivalent) in any one instance, Jablon's counsel will have an additional business day to review each additional set of up to 2,500 printed pages.

(c) In the event there is a dispute concerning Jablon's assertion of privilege or privacy, there shall be an expedited dispute procedure involving an immediate conference call with Magistrate Judge Trumbull (or such referee as Magistrate Judge Trumbull may designate) on the same day that counsel requests such a call or as soon as possible thereafter based on Judge Trumbull's or the designated referee's schedule.

(d) The foregoing process is limited to thirty (30) days from the day the mirror images are taken by the forensic consultant. Phoenix shall make an initial set of examination requests to the third party forensic consultant, using reasonably narrow search terms or protocols. Phoenix may make additional requests within the thirty (30) day period based on the results of the initial requests. Phoenix shall keep a record of any request submitted to the third party forensic consultant.

(e) Information resulting from the search(es) as requested by Phoenix, with the exception of information or material withheld from production pursuant to sub-sections (a) and (b) above, shall be turned over to Phoenix by the forensic consultant within two (2) business days of receiving notice from Phoenix's counsel that Jablon's counsel has completed the review described in sub-paragraphs (a) and (b) above. Jablon's counsel shall be copied by e-mail on any such communications.

4. This paragraph governs the handling and disposition of Phoenix Trade Secret Property following the forensic preservation process set forth in Paragraph 2.

(a) Promptly following the completion of the forensic preservation set forth in Paragraph 2, Jablon, as well as his agents, servants, employees, and any other persons in active concert or participation with him who receive actual notice of this Temporary Restraining Order, by personal service or otherwise, shall deliver to

Jablon's counsel all materials (in electronic, written, or other form) in any Media constituting, containing or derived from the Trade Secret Property, and all copies of such materials, except as set forth in sub-paragraph (b).

(b) For the sole purpose of assisting his counsel, Jablon may obtain and/or keep copies of materials produced by the parties in either the Arbitration or this action (with the exception of any Trade Secret Property source code). "Materials produced by the parties" means documents or information bearing or produced in connection with a Bates number or other unique identifier.

(c) This Temporary Restraining Order is not intended to affect Jablon's (or his counsel's) creation, maintenance or use of materials protected from disclosure by any applicable privilege (such as the attorney-client privilege) or immunity (such as the attorney work product doctrine).

(d) For the sole purpose of assisting his counsel, Jablon may, at the premises of his counsel, review Trade Secret Property source code that is delivered to and maintained (in confidence) by his counsel. Jablon may use such source code in whatever manner he and his counsel deem necessary to develop information or evidence that may be used (in confidence) in this action or the Arbitration. Jablon may not delete, destroy, or alter, in whole or in part, any original copies of source code files. Under no circumstances may Jablon take or send source code, or any part thereof, from his counsel's premises.

(e) Nothing in this Temporary Restraining Order shall affect the ability of Jablon's counsel of record in this action or in the Arbitration to possess or use Trade Secret Property, or anything containing or derived from Trade Secret Property, for the sole purpose of representing Jablon in this action or in the Arbitration. In possessing or using Trade Secret Property or derivative material, counsel shall employ whatever means are appropriate under the circumstances to protect Phoenix Trade Secret Property from disclosure to or use by third parties (other than the Court, the arbitrator

in the Arbitration and any consultants or experts who agree to appropriate obligations of confidentiality).

  (f) With the exception of privileged or similarly protected materials described in sub-section (c) above, the materials delivered to Jablon's counsel pursuant to this paragraph 4, and any other Trade Secret Property in the possession of counsel for Jablon in the Arbitration or this action shall (at Phoenix's option and expense) be destroyed or delivered to counsel for Phoenix at the conclusion of the Arbitration and this action, respectively, including the exhaustion of any post-arbitration or post-trial proceedings and/or appeals.

  5. The parties shall jointly request a continuance of the Arbitration Proceedings to June 9, 2008, subject to the schedules of the Arbitrator and counsel, to permit the parties to conduct (a) the expedited discovery described in paragraph 6 below, (b) the forensic review described in paragraph 3 above, if necessary, and (c) a mediation which will fulfill the Court's ADR Program requirement for this action. The mediation shall take place in the San Francisco Bay Area, California, before a mediator agreed upon by the parties, each of whom shall pay an equal share of the mediator's fees and expenses and each of whom shall be represented at the mediation by a person or persons with full authority to commit each party to settlement if one is reached. The parties shall file a joint report with this Court on or before April 7, 2008, identifying the mediator and the date of the mediation.

  6. The following expedited discovery may be conducted: (a) five interrogatories per side; (b) ten requests for production per side; (c) one deposition per side, on reasonable notice and on dates to be agreed on by the parties' counsel. The foregoing discovery requests and responses may be served by e-mail. A party responding to interrogatories or requests for production shall respond within fourteen days of service of the interrogatories or requests. Within seven (7) days of the submission of this Order, the parties shall meet and confer then jointly submit a stipulated protective order to address the handling of Trade Secret Property and other confidential proprietary materials in this action.

7. The OSC re: preliminary injunction shall be heard on May 30, 2008. Following the completion of the expedited discovery and any forensic examination required under Paragraph 3 above, the parties shall submit briefing to the Court as follows:

(a) Phoenix's papers in further support of the OSC re: preliminary injunction shall be filed and served on May 2, 2008;

(b) Jablon's papers in opposition to the OSC re: preliminary injunction shall be filed and served on May 12, 2008;

(c) Phoenix's reply papers, if any, shall be filed and served on May 16, 2008.

8. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, this Temporary Restraining Order shall be subject to, and is effective upon, Phoenix's extension and delivery to the Clerk of this Court, on or before March 26, 2008, of security in the form of a surety bond or undertaking or deposit according to law in the amount of $25,000.00.

Dated: March 21, 2008                    BERGESON, LLP

By /s/ Michael W. Stebbins
Michael W. Stebbins, Bar No. 138326
mstebbins@be-law.com
Melinda M. Morton, Bar No. 209373
mmorton@be-law.com
Ina Stangenes, Bar No. 156559
istangenes@be-law.com
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200

Attorneys for Plaintiff
PHOENIX TECHNOLOGIES LTD.

| | |
|---|---|
| Dated: March 21, 2008 | SQUIRE, SANDERS & DEMPSEY L.L.P. |
| | By /s/ David S. Elkins |
| | David S. Elkins (State Bar No. 148077) |
| | DElkins@ssd.com |
| | Jose Luis Martin (State Bar No. 203709) |
| | JLMartin@ssd.com |
| | Xavier M. Brandwajn (State Bar No. 246218) |
| | XBrandwajn@ssd.com |
| | 600 Hansen Way |
| | Palo Alto, California  94304-1043 |
| | Telephone:  650.856.6500 |
| | Attorneys for Defendant DAVID JABLON |

*ATTESTATION*: Pursuant to General Order 45, I declare under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatory.

By: /s/ David S. Elkins

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  March _21_, 2008      *Ronald M. Whyte*
RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE