1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   David S. Elkins (State Bar No. 148077)
2  DElkins@ssd.com
   Jose Luis Martin (State Bar No. 203709)
3  JLMartin@ssd.com
   Xavier M. Brandwajn (State Bar No. 246218)
4  XBrandwajn@ssd.com
5  600 Hansen Way
   Palo Alto, California  94304-1043
6  Telephone:   650.856.6500

7  Attorneys for Defendant DAVID JABLON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID P. JABLON, an individual,<br><br>Defendant. | Case No. C 08-01286 RMW<br><br>**DEFENDANT DAVID JABLON'S ANSWER AND DEFENSES TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:   The Honorable Ronald M. Whyte |

Defendant David Jablon ("Jablon") hereby answers plaintiff Phoenix Technologies Ltd.'s ("Plaintiff" or "Phoenix") complaint ("Complaint"). The numbered paragraphs below correspond to the paragraph numbers contained in Plaintiff's Complaint. The headings used match those chosen by Plaintiff, and are included for ease of reference only. Jablon's defenses then follow.

## NATURE OF THE ACTION

1. Jablon denies the allegations of this paragraph.

## THE PARTIES

2. Jablon admits the allegations of this paragraph.

3. Jablon admits the allegations of this paragraph.

## JURISDICTION AND VENUE

4. Jablon admits that the parties have diverse citizenship. Jablon denies that Plaintiff is entitled to any damages and therefore denies Plaintiff's allegation that the amount in controversy exceeds $75,000. Jablon admits that Plaintiff purports to state federal claims that, if colorable, vest this Court with federal question subject matter jurisdiction under 28 U.S.C. §1331. Jablon admits that the Court may exercise supplemental jurisdiction over Plaintiff's purported state claims pursuant to 28 U.S.C. §1367.

5. Jablon denies the allegations of this paragraph.

## INTRADISTRICT ASSIGNMENT

6. Jablon denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

### Jablon's Employment

7. Jablon admits the allegations of this paragraph.

8. Jablon admits the allegations of this paragraph.

9. Jablon admits that the PhoenixNet division had previously operated under other names. Jablon admits that PhoenixNet was one of four operating units of Phoenix between approximately March and September 2001. Jablon admits that in 2001, PhoenixNet was

1  focused on providing technology infrastructure, as alleged, to both devices and device-aware
2  e-business applications through device authentication.  Jablon denies the remaining allegations
3  of this paragraph.

4      10.    Jablon denies that "device authentication" was a principal initiative of the
5  PhoenixNet business unit prior to approximately mid-to-late 2000 to early 2001.  Jablon
6  admits the remaining allegations of this paragraph.

7      11.    Jablon denies the allegation that his company was named Integrated Sciences,
8  Inc.; rather, it was named Integrity Sciences, Inc.  Jablon admits the remaining allegations of
9  this paragraph.

10      12.    Jablon admits the allegations of this paragraph.

11      13.    Jablon denies that his title at Phoenix was Chief Technical Officer of the
12  PhoenixNet division.  Jablon admits that, in his position as Chief Technology Officer of the
13  PhoenixNet division, he worked on certain security-related technologies including
14  StrongROM.  Jablon admits that StrongROM was included in CSS in read-only memory
15  ("ROM") chips that reside on certain computing devices' motherboards.  Jablon admits that
16  StrongROM uses certain cryptographic algorithms and security keys to provide functions that
17  are used for device authentication.  Jablon admits that StrongROM was employed in certain
18  Phoenix CSS products for several years.  Jablon denies the remaining allegations of this
19  paragraph.

20      14.    Jablon admits that the computer industry was in the midst of a downturn in
21  2001.  Jablon admits that, in October 2001, Plaintiff laid off employees, including employees
22  who had worked in the PhoenixNet division.  Jablon denies the remaining allegations of this
23  paragraph.

24      15.    Jablon admits that Plaintiff acquired the SPEKE technology from Jablon.
25  Jablon denies the remaining allegations of this paragraph.

26      16.    The Separation Agreement attached to Plaintiff's Complaint as Exhibit A
27  speaks for itself and on that basis Jablon denies Plaintiff's characterizations of its provisions.
28  Jablon admits the remaining allegations of this paragraph.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

- 2 -
DEFENDANT DAVID JABLON'S ANSWER AND DEFENSES TO COMPLAINT
CASE NO. C 08-01286 RMW

**Phoenix's Confidential and Proprietary Information and Trade Secrets**

17. The Confidentiality Agreement attached to Plaintiff's Complaint as Exhibit B speaks for itself and on that basis Jablon denies Plaintiff's characterization of its provisions. Jablon admits the remaining allegations of this paragraph.

18. Jablon admits that Plaintiff developed, acquired and/or licensed certain technologies that it now contends had qualified or qualify as "Phoenix Trade Secrets", "Third-Party Trade Secrets" and/or as "proprietary." Jablon lacks sufficient knowledge or information to either admit or deny the remaining allegations of this paragraph and on that basis denies them.

19. Jablon admits that, while he was employed by Plaintiff, he was involved in several research and development projects for the improvement of existing products and technologies or the creation of new ones to advance Plaintiff's security-related technologies, products and services, including StrongROM. Jablon also admits that, during each of these projects, Jablon had access to company information and that Plaintiff now contends some or all of such information qualifies as "Phoenix Trade Secrets, Third Party Secrets, and other confidential or proprietary information." Jablon denies the remaining allegations of this paragraph.

20. Jablon lacks sufficient knowledge or information to either admit or deny the allegations of this paragraph and on that basis denies them.

21. Jablon admits that Plaintiff has taken certain security measures with respect to certain information that it now contends had qualified or qualify as "Phoenix Trade Secrets" or as "proprietary." Jablon lacks sufficient knowledge or information to either admit or deny the allegations of this paragraph and on that basis denies them.

22. Jablon admits that this paragraph accurately excerpts section 8(e) of the Employment Agreement. Jablon denies the remaining allegation of this paragraph.

**Jablon's Theft of Phoenix Trade Secrets**

23. Jablon admits that in November 2006, he initiated arbitration with the American Arbitration Association to redress Phoenix's breach of an earn-out provision contained in the

1  Stock Purchase Agreement ("Arbitration").  Jablon admits that under the terms of the Stock

2  Purchase Agreement, the Arbitration is governed by California law but is to be conducted in

3  Boston, Massachusetts.  Jablon denies that the Arbitration is currently set to begin on April 14,

4  2008 before a single arbitrator (it has been rescheduled to commence on June 9, 2008).  Jablon

5  denies the remaining allegations of this paragraph.

6        24.     Jablon admits the allegations of this paragraph.

7        25.     Jablon admits that the CD he produced to counsel for Plaintiff on February 12,

8  2008 (the "Jablon CD") contains, among other things, source code files for Plaintiff's

9  StrongROM technology.  Jablon admits that certain of these source code files contain statements

10 purporting to indicate ownership by Phoenix and/or that such files contain proprietary and/or

11 confidential information.  Jablon lacks sufficient knowledge or information at this time to either

12 admit or deny the allegations of specific markings in these files and on that basis denies them.

13 Jablon admits that these materials contain information that Plaintiff now contends constitute

14 Phoenix Trade Secrets and/or Proprietary Information under the Confidentiality Agreement.

15 Jablon denies the remaining allegations of this paragraph.

16       26.     Jablon admits that the Jablon CD contains source code files that Plaintiff alleges

17 constitute Third Party Secrets that Plaintiff obtained via license from third parties.  Jablon

18 admits that certain source code files that Plaintiff includes in its definition of Third Party Secrets

19 indicate that such files are confidential.  Jablon lacks sufficient knowledge or information to

20 either admit or deny the remaining allegations of this paragraph and on that basis denies them.

21       27.     Jablon denies that he has used or referred to the StrongROM source code files, or

22 to information that Plaintiff contends constitute other Phoenix Trade Secrets, Proprietary

23 Information or Third Party Information in connection with his consulting work.  Because

24 "Phoenix Trade Secrets," "Third Party Secrets," and "confidential or proprietary information"

25 are defined in an overly broad and ambiguous way, Jablon lacks sufficient knowledge or

26 information to either admit or deny the remaining allegations of this paragraph and on that

27 basis denies them.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

- 4 -
DEFENDANT DAVID JABLON'S ANSWER AND DEFENSES TO COMPLAINT
CASE NO. C 08-01286 RMW

### FIRST CAUSE OF ACTION
(**Breach of Written Contract**)

28. Jablon incorporates by reference each of his responses to the allegations in paragraphs 1-27 above as if fully set forth herein.

29. Jablon admits the allegations of this paragraph.

30. Jablon admits that the Separation Agreement he signed at the time he terminated employment with Phoenix stated, in paragraph 6, "We wish to remind you of your obligations under the EMPLOYEE INVENTION ASSIGNMENT and PROPRIETARY INFORMATION AGREEMENT which you signed upon your date of hire." Jablon denies the remaining allegations of this paragraph.

31. Jablon lacks sufficient knowledge or information to either admit or deny the allegations of this paragraph and on that basis denies them.

32. Jablon denies the allegations of this paragraph.

33. Jablon denies the allegations of this paragraph.

34. Jablon denies the allegations of this paragraph.

35. Jablon denies the allegations of this paragraph.

### SECOND CAUSE OF ACTION
(**Misappropriation of Trade Secrets**)
(California Civil code § 3426, *et seq.*)

36. Jablon incorporates by reference each of his responses to the allegations in paragraphs 1-35 above as if fully set forth herein.

37. Jablon lacks sufficient information to either admit or deny the allegations of this paragraph and on that basis denies them.

38. Jablon denies the allegations of this paragraph.

39. Jablon denies the allegations of this paragraph.

40. Jablon denies the allegations of this paragraph.

41. Jablon denies the allegations of this paragraph.

42. Jablon denies the allegations of this paragraph.

43. Jablon denies the allegations of this paragraph.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

- 5 -
DEFENDANT DAVID JABLON'S ANSWER AND DEFENSES TO COMPLAINT
CASE NO. C 08-01286 RMW

1   44.   Jablon denies the allegations of this paragraph.

## THIRD CLAIM FOR RELIEF
**(Computer Fraud and Abuse Act)**
(18 U.S.C. § 1030)

45.   Jablon incorporates by reference each of his responses to the allegations in paragraphs 1-44 above as if fully set forth herein.

46.   Jablon lacks sufficient information to either admit or deny the allegations of this paragraph and on that basis denies them.

47.   Jablon denies the allegations of this paragraph.

48.   Jablon denies the allegations of this paragraph.

49.   Jablon denies the allegations of this paragraph.

## FOURTH CLAIM FOR RELIEF
**(Electronic Communications Privacy Act (Title II))**
(18 U.S.C. § 2701, *et seq.*)

50.   Jablon incorporates by reference each of his responses to the allegations in paragraphs 1-49 above as if fully set forth herein.

51.   Jablon lacks sufficient information to either admit or deny the allegations of this paragraph and on that basis denies them.

52.   Jablon denies the allegations of this paragraph.

53.   Jablon denies the allegations of this paragraph.

54.   Jablon denies the allegations of this paragraph.

55.   Jablon denies the allegations of this paragraph.

56.   Jablon denies the allegations of this paragraph.

## FIFTH CLAIM FOR RELIEF
**(Unauthorized Access to Computers, Computer Systems and Computer Data)**
(California Penal Code § 502)

57.   Jablon incorporates by reference each of his responses to the allegations in paragraphs 1-56 above as if fully set forth herein.

58.   Jablon denies the allegations of this paragraph.

59.   Jablon denies the allegations of this paragraph.

60.   Jablon denies the allegations of this paragraph.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

- 6 -
DEFENDANT DAVID JABLON'S ANSWER AND DEFENSES TO COMPLAINT
CASE NO. C 08-01286 RMW

1  61. Jablon denies the allegations of this paragraph.

2  62. Jablon denies the allegations of this paragraph.

3  63. Jablon denies the allegations of this paragraph.

**SIXTH CAUSE OF ACTION**
(**Statutory Unfair Competition**)
(Cal. Bus. & Prof. code §§ 17200, *et seq.*)

64. Jablon incorporates by reference each of his responses to the allegations in paragraphs 1-63 above as if fully set forth herein.

65. Jablon denies the allegations of this paragraph.

66. Jablon denies the allegations of this paragraph.

67. Jablon denies the allegations of this paragraph.

68. Jablon denies the allegations of this paragraph.

**SEVENTH CASE OF ACTION**
(Common Law Unfair Competition)

69. Jablon incorporates by reference each of his responses to the allegations in paragraphs 1-68 above as if fully set forth herein.

70. Jablon denies the allegations of this paragraph.

71. Jablon denies the allegations of this paragraph.

72. Jablon denies the allegations of this paragraph.

73. Jablon denies the allegations of this paragraph.

74. Jablon denies the allegations of this paragraph.

**EIGHTH CAUSE OF ACTION**
(**Breach of Duty of Loyalty**)

75. Jablon incorporates by reference each of his responses to the allegations in paragraphs 1-74 above as if fully set forth herein.

76. Jablon denies the allegations of this paragraph.

77. Jablon denies the allegations of this paragraph.

78. Jablon denies the allegations of this paragraph.

79. Jablon denies the allegations of this paragraph.

# DEFENSES

## FIRST DEFENSE

**(Failure to State a Cause of Action)**

The Complaint fails to allege sufficient facts to constitute a cause of action against Jablon.

## SECOND DEFENSE

**(Unclean Hands, Waiver, and Estoppel)**

Plaintiff is not entitled to any relief under the doctrine of unclean hands, has waived its right to relief, and is estopped from seeking the relief requested in the Complaint.

## THIRD DEFENSE

**(Justification)**

At all times, Jablon's conduct as alleged in the Complaint was justified.

## FOURTH DEFENSE

**(Failure to Mitigate)**

Plaintiff's alleged underlying injuries, loss or damage, if any, were aggravated by its failure to use reasonable diligence to mitigate them.

## FIFTH DEFENSE

**(Failure to Exercise Reasonable Care)**

Through its acts and conduct, Plaintiff failed to exercise reasonable care and diligence on its own behalf, thereby contributing to its alleged damages.

## SIXTH DEFENSE

**(Fault of Others)**

To the extent Plaintiff has suffered any damages as a result of the acts alleged in the Complaint (which Jablon denies), persons and entities other than Jablon were at fault in connection with those acts. Consequently, Plaintiff's recovery from Jablon, if any, should be reduced by that amount which the fault of persons and entities other than Jablon contributed to any damages.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

- 8 -
DEFENDANT DAVID JABLON'S ANSWER AND DEFENSES TO COMPLAINT
CASE NO. C 08-01286 RMW

## SEVENTH DEFENSE

### (Injunctive Relief Unavailable)

The injunctive relief Plaintiff requests is unavailable because the alleged violations of law and alleged unlawful business practices never occurred—and even if they occurred, they happened in the past. No purportedly illegal conduct continues, and Plaintiff is not threatened by immediate, irreparable harm threatening Plaintiff's rights.

## EIGHTH DEFENSE

### (Business Necessity)

Any and all conduct for which Plaintiff seeks recovery against Jablon was required by business necessity.

## NINTH DEFENSE

### (Punitive Damages)

The Complaint, and each purported cause of action alleged therein, fails to allege facts sufficient to allow recovery of punitive or exemplary damages from Jablon. Plaintiff's prayer for punitive damages violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and Section 7 of Article I of the Constitution of the State of California. Plaintiff's prayer for punitive damages violates Jablon's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the California Constitution.

Jablon presently has insufficient knowledge or information upon which he can form a belief as to whether he may have additional, as yet unknown and unstated, defenses. Jablon reserves the right to amend this Answer to assert such additional defenses in the event that discovery indicates doing so is appropriate.

## PRAYER

WHEREFORE, Jablon prays as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. For the award of Jablon's reasonable attorneys' fees;

3.  For Jablon's costs of suit; and

4.  For such other and further relief that the Court deems appropriate.

Dated: April 10, 2008                           SQUIRE, SANDERS & DEMPSEY L.L.P.

By: ___/s/ David S. Elkins___
David S. Elkins (State Bar No. 148077)
DElkins@ssd.com
Jose Luis Martin (State Bar No. 203709)
JLMartin@ssd.com
Xavier M. Brandwajn (State Bar No. 246218)
XBrandwajn@ssd.com
600 Hansen Way
Palo Alto, California 94304-1043
Telephone: 650.856.6500

Attorneys for Defendant DAVID JABLON